# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

CURTIS N. DOTSON                                                                                           PETITIONER
Reg #20245-076

v.                                        Case No. 2:18-cv-00104 JM-JTK

C MARUKA, *Warden*,
FCI-Forrest City Low                                                                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by federal prisoner Curtis N. Dotson. (Docket Entry # 1) For the reasons discussed below, it is recommended that this case be dismissed.

I. Background

Dotson is presently incarcerated at the Federal Correctional Complex in Forrest City, Arkansas. Petitioner's federal sentence stems from convictions for felon in possession of a

firearm and possession of a firearm with an obliterated serial number in the United States District Court for the Western District of Tennessee (Memphis Division). Dotson received enhanced concurrent sentences of 210 months and 60 months respectively under the Armed Career Criminal Act (ACCA) because of three prior felony convictions: a 1988 Arkansas robbery conviction, a 1994 Tennessee aggravated assault conviction, and a 1995 Missouri second degree assault conviction. (Docket Entry #10-1; Docket Entry #10-2)

On December 14, 2009, the Sixth Circuit Court of Appeals affirmed Petitioner's conviction on direct appeal. (Docket Entry #10-3) Subsequently, Petitioner sought relief pursuant to 28 U.S.C. § 2255 in the sentencing court. There, he argued ineffective assistance of trial counsel for failing to challenge is ACCA sentence enhancement. The district court denied the motion, and Dotson did not appeal. (Docket Entry #10-4) In May of 2016, Petitioner sought authorization to file a second 28 U.S.C. § 2255 motion based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that held imposing an increased sentenced under the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), violated the Constitution's guarantee of due process for vagueness. The Sixth Circuit granted authorization determining that Dotson made a prima facie showing that his Tennessee aggravated-assault conviction was considered as a predicate offense under the ACCA's now-invalidated residual clause. (Docket Entry #5) It further determined, however, that *Johnson* did not apply to Dotson's Missouri assault conviction because the district court found in the first § 2255 motion that the Missouri conviction properly qualified as violent felony under the use-of-force clause of section 924(e)(2)(B)(i). *Id.*

After review of the second or successive § 2255 motion, the district court determined that Dotson was not challenging his Arkansas robbery conviction. (Docket Entry #10-6, p. 6) The district judge subsequently denied the second or successive motion. *Id.* Dotson thereafter sought authorization to appeal the district court's denial of his second or successive motion from the Sixth Circuit Court of Appeals. (Docket Entry #10-7) In the request, Dotson takes issue with the fact the district court and the government determined that, because he did not specifically challenge his prior Arkansas robbery conviction, the court was foreclosed from reviewing that prior conviction as an ACCA predicate. *Id.* at pp. 8-9. He cites *United States v. Eason*, 829 F.3d 633 (8th Cir. 2016) to support his position that Arkansas robbery is not a violent felony based on *Johnson*. *Id.* On July 16, 2018, the Sixth Circuit denied the certificate of appealability noting:

> In his application [for a certificate of appealability], Dotson argues that neither his Arkansas robbery conviction nor his Tennessee conviction is a violent felony. But Dotson did not present any argument about the Arkansas conviction to the district court even after the government asserted it, so he forfeited this claim. *See Armstrong v. City of Melvindale*, 432 F.3d 695, 699-700 (6th Cir. 2006) ("[T]he failure to present an issue to the district court forfeits the right to have the argument addressed on appeal."). As a result, the only remaining question is whether his Tennessee conviction is a "violent felony" despite *Johnson*.
>
> Although *Johnson* invalidated the residual clause defining "violent felony," it did not invalidate its force clause, which defines a "violent felony" as a crime that can carry a prison term of more than a year and "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). After observing that Tennessee's aggravated assault statute was divisible, the district court looked to the indictment to determine whether Dotson's crime constituted a "violent felony." Because the indictment charged Dotson with intentionally assaulting the victim by using a deadly weapon, the district court determined that Dotson had been specifically charged with violating section 39-13-102(a)(1)(B) of the Tennessee Code The district court then concluded that Dotson's conviction was a violent felony because this court

4

> has already decided that a conviction under section 39-13-102(a)(1)(B) is a violent felony under the force clause. *Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016). Reasonable jurists would not debate the district court's conclusion.
>
> Accordingly, Dotson's application for a certificate of appealability is **DENIED**, and his motion to proceed in forma pauperis is **DENIED** as moot.

(Docket Entry #10-8, pp. 3-4) Dotson filed the instant petition here ten days later on July 26, 2018, after this denial by the Sixth Circuit Court of Appeals. Finding we lack jurisdiction, the undersigned recommends that this matter be dismissed.

II. Discussion

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005); *see* § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323.

No court has jurisdiction to hear such a collateral challenge to a conviction or sentence under § 2241 unless the petitioner has affirmatively demonstrated that the remedy provided by

§ 2255 "is inadequate or ineffective to test the legality of . . . [his] detention." *DeSimone*, 805 F.2d at 323 (quoting § 2255). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *Abdullah*, 392 F.3d at 959, because when it applies, it can save a § 2241 habeas from being dismissed under the § 2255 exclusive remedy rule. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir 2010).

Dotson's claims in this action unquestionably challenge the validity of his sentence enhancement under the ACCA in the Tennessee District Court, and thus, could have been raised in his § 2255 proceedings in that court. Along with the sentencing court and the government, Dotson admittedly agrees that he did not specifically challenge the Arkansas robbery conviction. He claims the 2016 *Eason* decision, which held that the degree of physical force required to commit robbery in Arkansas does not rise to the level of physical force required to establish a crime of violence for ACCA purposes, was not decided at the time he submitted his second or successive motion. Dotson cited to *Eason* in his application for a certificate of appealability, but the Sixth Circuit denied the application based solely on the fact that Dotson never presented any argument about the Arkansas conviction to the district court even after the government asserted it. While *Eason* may not have been decided at the time of Dotson's § 2255 filing with the district court, it had been by the Sixth Circuit Court of Appeals review of the subsequent application. The Eighth Circuit Court of Appeals has specifically held that the § 2255 remedy is not inadequate or ineffective merely because (1) the claim has already been raised and rejected in a § 2255 proceeding; (2) the sentencing court failed to fully or adequately address a § 2255 motion;

6

(3) the petitioner has been denied permission to file a second or successive § 2255 motion; (4) a § 2255 motion would be barred as successive or untimely; or (5) denied a certificate of appealability. *Lopez-Lopez*, 590 F.3d at 906-07; *Hill v. Morrison*, 349 F.3d 1089, 1091-92 (8th Cir. 2003); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). The failure of the sentencing court or the Sixth Circuit to address Dotson's claim on the merits does not allow a petition under § 2241. *Lurie*, 207 F.3d at 1077 (reasoning that a procedural bar to § 2255 relief does not alone render the remedy inadequate or ineffective).

III. Conclusion

For the foregoing reasons, the Court concludes that writ of habeas corpus relief pursuant to § 2241 is not available to Petitioner. Accordingly, this petition, Docket Entry #1, should be denied, dismissing this action in its entirety without prejudice.

SO ORDERED this 22nd day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE